IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Ray L. Olin and Carole J. Olin, husband and wife as joint tenants; Paul Johnson and Candace Johnson, husband and wife; Neal R. Slavick; Dennis Olin and Carol Olin, husband and wife as joint tenants; David F. Heid; Tami A. Heid; Brent Heid; Michele Burger; James Bahm; Gary A. Haugen and Melinda K. Haugen, husband and wife as joint tenants; Timothy Lee Johnson and Thomas Wesley Johnson Partnership; Lee L. Ingalls; Matthew E. Ingalls; Thomas J. Ingalls; Robert J. Slavick; Jacquelyn M. Slavick; and Clark A. Norton and Debra D. Norton, husband wife, <br><br>Plaintiffs, <br><br>vs. <br><br>Dakota Access, LLC and Contract Land Staff, LLC, <br><br>Defendants. | Case No. 1:17-cv-00007-DLH-CSM <br><br>**CONTRACT LAND STAFF, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AGAINST CONTRACT LAND STAFF, LLC** |

Defendant Contract Land Staff, LLC ("CLS"), by counsel and pursuant to L. Civ. R. 7.1(A)(1), submits this Reply Memorandum in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6).

### A.   Plaintiffs Have Not Pled Fraud with the Requisite Particularity.

In its Motion, CLS argued that Plaintiffs failed to specify whether the allegedly fraudulent statements were made by DAPL or CLS. *See* CLS's Mem. at 5-7. Plaintiffs oppose this argument by pointing to their allegations that CLS made the statements. *See* Pls.' Opp. at 6-7 (citing Am. Compl. ¶¶ 66-68). In doing so, however, Plaintiffs fail to address the salient issue. Specifically, they completely ignore their allegations in Count II alleging that DAPL made *identical* statements as those also alleged to have been made by CLS in Count III. *See* Am. Compl. ¶¶ 58-60. To satisfy Rule 9(b), Plaintiffs must specify which of the two defendants made the statements.

This conclusion is supported by this Court's recent decision in *Shangcheng Dev., LLC v. Norvanta, LLC*, No. 4:14CV164, 2015 WL 11143143, at *2-3 (D.N.D. May 27, 2015) (Hovland, J.), as well the case relied on by Plaintiffs, *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 899 (D. Minn. 2013). Plaintiffs unsuccessfully attempt to distinguish *Shangcheng* by arguing that it did not include an agency allegation. But that is a distinction without a difference. Regardless of whether Plaintiffs have successfully alleged agency between DAPL and CLS, Plaintiffs' allegations that *both* entities made the statements are insufficient as a matter of law. As in this case, the plaintiff in *Shangcheng* named two individuals as defendants and alleged that both defendants made the allegedly deceitful statements. The Court dismissed the claim precisely for that reason. *See Shangcheng*, 2015 WL 11143143 at * ("In particular, Shangcheng LLC failed to specify when, where, how, and *which one of the [defendants] promised to construct the project . . . .*") (emphasis added).

Recognizing that the law of this Court warrants dismissal, Plaintiffs point to a decision of the District of Minnesota in *Ransom*, 918 F. Supp. 2d at 899. Critically, however, *Ransom* provides further support for CLS's argument and falls directly in line with this Court's decision in *Shangcheng*. Indeed, the district court in *Ransom* dismissed a fraud claim under Rule 9(b) precisely because "Plaintiffs have failed to identify which Defendants made the allegedly false representations." *Id.*

In addition to their failure to specify the "who," Plaintiffs fail to specify the other necessary particulars of their claim against CLS. Except for their unconvincing *ipse dixit*, Plaintiffs offer no response to this argument. At bottom, Plaintiffs allegations fail to notify CLS of, among other things, (i) when the alleged statements were made, (ii) where the alleged statements were made, (iii) the context of the negotiations in which the alleged statements were made, and (iv) the

individual Plaintiff or Plaintiffs to whom each of the alleged statements was made. This failure is fatal to their fraud claim against CLS. *See, e.g., Ransom*, 918 F. Supp. 2d at 900 ("Such pleading is insufficient to meet the particularity requirement of Rule 9(b).").

### B. Plaintiffs Have Not Stated a Fraud Claim Under N.D.C.C. § 9-03-08.

In its Motion, CLS argued that none of the six allegedly false statements fits within any of the forms of fraud set forth in N.D.C.C. § 9-03-08. *See* CLS's Mem. at 8. Plaintiffs offer no meaningful opposition to CLS's argument. *See* Pls.' Opp. at 9-11. Rather, they merely recite the statutory forms of fraud and offer the conclusory assertion that they "sufficiently alleged facts giving rise to a claim of fraud or deceit against CLS." *See id.* Notwithstanding that assertion, Plaintiffs have not (i) identified which of the various forms of fraud they are alleging, or (ii) explained how any of the six statements fits within the form of fraud upon which they rely.[1] Indeed, as CLS previously argued, none of the six statements fits any definition of fraud under North Dakota law.

### C. Plaintiffs Lack a Cognizable Remedy Against CLS.

In its Motion, CLS argued that Plaintiffs cannot seek rescission of the ROW Agreements against CLS for three reasons: (i) CLS is not a party to the ROW Agreements; (ii) Plaintiffs have failed to comply with N.D.C.C. § 9-09-04(2) by not returning the compensation received in exchange for the rights-of-way; and (iii) Plaintiffs have failed to comply with N.D.C.C. § 9-09-04(1) by not rescinding the ROW Agreements "promptly." *See* CLS's Mem. at 9. Plaintiffs offer no opposition to the first two arguments. As to the third argument, they contend that the statute's

---

[1] Inasmuch as Plaintiffs allege deceit under N.D.C.C. § 9-10-02, the claim fails for the same reasons. It also fails for the additional reason that the allegedly false statements resulted in right-of-way agreements between the parties. *See Nagel v. Sykes Realty, Inc.*, 400 F. Supp. 2d 1198, 1202 (D.N.D. 2005) ("Technically, fraud under Section 9-03-08 of the North Dakota Century Code applies only when there is a contract between the parties, whereas deceit under Section 9-10-02 of the North Dakota Century Code applies when there is no contract between the parties.").

3

requirement that rescission be made "promptly" allows them an indefinite time in which to rescind. That interpretation of "promptly" is specious. Moreover, the North Dakota Supreme Court has explained that "rescission is proper only if the party seeking rescission uses reasonable diligence to rescind promptly upon discovery of the facts which entitle the party to rescind." *Swenson v. Raumin*, 583 N.W.2d 102, 106 (N.D. 1998). Plaintiffs' failure to adhere to this requirement precludes their ability to seek rescission.

In its Motion, CLS also argued that Plaintiffs' theory of compensatory damages is not cognizable. *See* CLS's Memo. at 9-10. This argument is based on the well-settled measure of fraud damages under North Dakota law: "It is well established that the measure of damages for fraud is the difference between what the property received would have been worth if it was as represented and what it was actually worth at the time of sale." *West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990). Plaintiffs dispute this well-established law by arguing that fraud damages are broader than the benefit of the bargain. In support, they cite an inapposite case, *Grandbois & Grandbois, Inc. v. City of Watford City*, 685 N.W.2d 129 (N.D. 2004), involving false representations of employment status on a job application. But in *Grandbois*, the North Dakota Supreme Court merely held that the plaintiffs failed to present evidence of proximate causation between the false statements and the alleged injury. Additionally, Plaintiffs cite *Asleson v. W. Branch Land Co.*, 311 N.W.2d 533, 543 (N.D. 1981), in which the North Dakota Supreme Court addressed the previously unsettled issue of "what the rule is for damages for constructive fraud." That case does not apply here because Plaintiffs have alleged *actual* fraud. *See id.* (citing several cases for the proposition that the benefit-of-the-bargain rule applies to cases, such as this, involving actual fraud). Thus, Plaintiffs' attempt to avoid the proper measure of damages is without merit.

4

Plaintiffs also argue that, even under the correct measure of damages, they have lost the benefit of their bargain. Specifically, they contend that, "[i]f CLS had told [Plaintiffs] that better prices would be offered to other landowners, instead of falsely telling [Plaintiffs] that no better deal would be offered, then [Plaintiffs] would have received a better price per rod." Pls.' Opp. at 12. However, this allegedly fraudulent statement – which represents only one of the six alleged statements – is a statement about a future event. As the North Dakota Supreme Court has explained, "predictions of future events are not actionable in fraud." *Kary v. Prudential Ins. Co.*, 541 N.W.2d 703, 705 (N.D. 1996). Therefore, Plaintiffs lack any cognizable theory of relief against CLS.

### D. The Integration Clauses Preclude the Reliance Element of Plaintiffs' Fraud Claim.

In its Motion, CLS argued that the integration clauses in the ROW Agreements precluded the reliance element of Plaintiffs' fraud claim as a matter of law. *See* CLS's Mem. at 10-12. In support, CLS cited representative examples of numerous cases supporting its argument. Plaintiffs attempt to distinguish one of these cases, without addressing the others, and arbitrarily ask the Court to adopt Minnesota law. *See* Pls.' Opp. at 13-14. Plaintiffs' arguments are unavailing.

In *Creative Mktg. Assocs., Inc. v. AT&T*, 476 F.3d 536, 538 (8th Cir. 2007), the Eighth Circuit interpreted New Jersey law as precluding the reliance element of fraud in the face of an integration clause. Plaintiffs make much of the fact that the plaintiff in *Creative Marketing* sought reformation of the contract rather than rescission. But that point is insignificant to the holding of the case. Still, Plaintiffs ask the Court to apply the fraud exception to the parol evidence rule. However, the Eighth Circuit summarily rejected the same argument. *See Creative Marketing*, 476 F.3d at 538 n.5 ("We find to be without merit CMA's contention that the BSA's ambiguity vis-à-vis chargebacks and the fraud exception render the parol evidence rule inapplicable."). The Eighth

Circuit's holding in *Creative Marketing* is directly in line with the numerous other cases cited by CLS in its opening brief.

Plaintiffs also contend that Minnesota law, which it asks the Court to apply, differs from other jurisdictions on this issue. Plaintiffs are incorrect. In *Pinnacle Commc'ns Int'l, Inc. v. Am. Family Mortg. Corp.*, 417 F. Supp. 2d 1073, 1089 (D. Minn. 2006), which CLS cited in its opening brief, the district court held, as a matter of law, that an integration clause precludes the reliance element of a fraud claim. Although Florida law governed the contract at issue, the court went out of its way to explain that the result would be the same under Minnesota law. *See id.* at 1081.

The Eighth Circuit has also interpreted Minnesota law on this issue. In *Crowell v. Campbell Soup Co.*, 264 F.3d 756, 762 (8th Cir. 2001), it explained that reliance is "unreasonable as a matter of law" where the allegedly fraudulent statement "plainly contradict[s]" an integration clause. Here, the ROW Agreements' integration clause provides that "Grantor acknowledges that Grantee has made no representations, promises, agreements, guarantees, or inducements to Grantor that are not expressly set forth in this Agreement and any simultaneously executed agreements, and that this Agreement is intended to reflect the entire agreement between the parties." In direct contradiction of this provision, Plaintiffs now allege that they relied on inducements that are not set forth in the ROW Agreements. As explained in *Crowell*, that allegation fails as a matter of law.

## Conclusion

For the foregoing reasons, CLS respectfully requests that the Court dismiss Plaintiffs' Amended Complaint as against CLS and award CLS costs incurred in having to bring this motion, along with other relief this Court deems just and equitable.

Dated this 30th day of March, 2017.

                          **FISHER BREN & SHERIDAN, LLP**

                          */s/ Tyler Carlson*
                          Tyler S. Carlson (ND ID #06948)
                          Steven J. Sheridan (MN ID #266280)
                          3137 32nd Avenue South, Suite 212
                          Fargo, ND 58103
                          Telephone: 701-205-4242
                          Fax: 701-364-5603
                          tcarlson@fisherbren.com
                          ssheridan@fisherbren.com
                          ATTORNEYS FOR DEFENDANT
                          CONTRACT LAND STAFF, LLC